UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23-CV-489-CRS

NGONG LANG DENG                                              PLAINTIFF

v.

JUDGE CLARIA HORN BOOM                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Ngong Lang Deng, *pro se*, filed a Complaint against United States District Judge Claria Horn Boom on September 13, 2023. [DN 1]. Simultaneously, Deng petitioned the court for leave to proceed *in forma pauperis*. [DN 3]. The court granted Deng leave. [DN 4]. The court will dismiss this action for the reasons set forth below.

## BACKGROUND

Deng prepared her Complaint using the United States Courts' *pro se* "Complaint for a Civil Case" form. Under § II of the form, which concerns jurisdiction, Deng indicated that "the basis for federal court jurisdiction" is both federal question and diversity of citizenship. [DN 1 at 4]. Then, in § II(A), which prompts a plaintiff to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Deng wrote the following: "Conspiracy to kill me or discrimination base[d] on rac[e] by judge. Justice discrimination." [DN 1 at 4]. Deng did not complete any other section of the form.

Deng attached one exhibit to her Complaint: an order signed by Judge Boom dismissing a different case filed by Deng: *Deng v. LMPD, et al.*, No. 3:23-cv-264 (the "LMPD Case"). *See* [DN 1-1]. After initial review of her Complaint in the LMPD Case, pursuant to the authority granted in 28 U.S.C. § 1915(e)(2)(B), Judge Boom dismissed the LMPD Case as frivolous and for

want of jurisdiction. [DN 1-1 at 1]. On her copy of the Order submitted with the instant Complaint,

Deng wrote the following:

> You cannot cluded [sic] with dependant [sic] alone without me being present in the court. Now, you make yourself part of conspirators trying to kill me for their own crimes that they blamed on me because I don't have anybody to support me wether [sic] they have done wrong to me. If you think they are right, ask your local news channels here in Louisville and watch or listen to their fake news about me.

[DN 1-1 at 1–2].

## LEGAL STANDARD

Because Deng is proceeding *in forma pauperis*, the court must initially review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Upon initial review, the court must dismiss a case at any time if the court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it lacks an arguable basis either in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When screening the Complaint, the court must construe it in the light most favorable to Deng and accept well-pleaded allegations as true. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). And while a reviewing court liberally construes *pro se* pleadings, *see id.*; *Boag v. McDonald*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ANALYSIS

Deng's instant Complaint is barred by the doctrine of absolute judicial immunity; thus, it is frivolous and fails to state a claim upon which relief may be granted and must be dismissed. "It is a well-entrenched principle in our system of jurisprudence that judges are absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997)

(collecting cases). The doctrine is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 (1993). Compelling public benefits outweigh the "unfairness and injustice to a litigant [that] may result on occasion, [because] 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him [or her], shall be free to act upon his [or her] own convictions, without apprehension of personal consequences to himself [or herself]." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)). "A judge will not be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority," nor "if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

There are only two situations in which absolute judicial immunity is overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12. Neither exception applies here. Entering an order dismissing a case is certainly a judicial function.

Further, Judge Boom did not take any action "in the complete absence of all jurisdiction," *id.* at 12, which is to be construed broadly "to effectuate the purposes of judicial immunity," *Barnes*, 105 F.3d at 1122 (citing *Stump*, 435 U.S. at 356–57). To the contrary, Plaintiff filed the LMPD Case in this court and alleged that the court had federal question jurisdiction. She also applied to proceed *in forma pauperis*. *See* LMPD Case Complaint [DN 1] and Motion [DN 2]. The law provides that where a plaintiff has made an application to proceed *in forma pauperis,*

"[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).  Further, § 1915 requires a federal district court to dismiss if a *pro se*-filed complaint fails to state a claim:  ". . . the court shall dismiss the case at any time if the court determines that . . . the action is frivolous or fails to state a claim upon which relief may be granted." 18 U.S.C. § 1915 (e)(2)(B). At the same time, a federal district judge may dismiss for lack of jurisdiction under FED. R. CIV. P. 12(b)(1).  Judge Boom took these very actions pursuant to § 1915(e)(2) and Rule 12(b)(1) in the LMPD Case. In doing so, Judge Boom acted within and not without the scope of her authority.

Accordingly, Deng's Complaint will be dismissed as frivolous. Also, it has no basis in law and thus fails to state a claim upon which relief can be granted. A separate Order will be entered contemporaneously with this Memorandum Opinion.

December 7, 2023

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*